UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAULA JOHNSON,                    )
          Plaintiff,             )
                                 )
          v.                     )     C.A. No. 10-11374-PBS
                                 )
EDMUND F. KELLY, et al.,         )
          Defendants.            )

<u>MEMORANDUM AND ORDER OF DISMISSAL</u>

This case arises out of a contract dispute between Plaintiff
Paula Johnson of East Saint Louis, Illinois, and Defendants
Liberty Mutual Insurance Company and it's chief executive in
Boston, Massachusetts.  The two defendants' motions to dismiss
were allowed without opposition and plaintiff subsequently filed
a motion for relief judgment.  By Order dated August 19, 2011,
the Court granted plaintiff's motion and allowed her to file an
opposition to defendants' motion to dismiss.  The defendants were
granted fourteen days to reply.

Now before the Court are plaintiff's opposition, <u>see</u> Docket
No. 21, as well as the reply of each defendant.  <u>See</u> Docket Nos.
22, 23.  After carefully reviewing the pleadings, the Court will
dismiss this action.

Federal district courts have subject matter jurisdiction
over civil actions where the matter in controversy is greater
than $75,000 and the action is between parties of diverse
citizenship.  28 U.S.C. § 1332(a).  "Once the damages allegation
is challenged . . . 'the party seeking to invoke jurisdiction has
the burden of alleging with sufficient particularity facts

indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001).

Applying this standard, it appears that plaintiff lacks a reasonable, good faith basis to believe that her recovery could exceed $75,000.  As noted by defendants, plaintiff alleges $1,653 in compensatory damages and requests $200,000 in punitive damages.  While punitive damages may be considered in determining the amount in controversy, the "District Court should scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact." D'Amato v. Rhode Island Hosp. Trust Nat'l Bank, 958 F.2d 361, 1992 WL 55890 (1st Cir. Mar. 25, 1992) (not selected for publication) (quoting Kahal v. J.W. Wilson & Assocs., Inc., 673 F.2d 547, 549 (D.C. Cir. 1982)). Where plaintiff alleges less than $2,000 in actual damages, punitive damages of $200,000 does not have a colorable basis in law and fact.  Further, plaintiff's opposition does not address the jurisdictional issues and does not provide a basis for permitting this action to proceed against the defendants.

<u>ORDER</u>

For the reasons stated above, and for the reasons stated in defendants' motions to dismiss and replies to plaintiff's opposition, IT IS HEREBY ORDERED THAT plaintiff's complaint is DISMISSED.  The Clerk shall enter a final order of dismissal.

SO ORDERED.

 9/29/11            /s/ Patti B. Saris
DATE                PATTI B. SARIS
                    UNITED STATES DISTRICT JUDGE