```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

PAULA JOHNSON,                  )
        Plaintiff,              )
                                )
        v.                      )    C.A. No. 10-11374-PBS
                                )
EDMUND F. KELLY, et al.,        )
        Defendants.             )

## MEMORANDUM AND ORDER OF DISMISSAL

This case arises out of a contract dispute between Plaintiff Paula Johnson of East Saint Louis, Illinois, and Defendants Liberty Mutual Insurance Company and it's chief executive in Boston, Massachusetts.  The two defendants' motions to dismiss were allowed without opposition and plaintiff subsequently filed a motion for relief judgment.  By Order dated August 19, 2011, the Court granted plaintiff's motion and allowed her to file an opposition to defendants' motion to dismiss.  The defendants were granted fourteen days to reply.

Now before the Court are plaintiff's opposition, see Docket No. 21, as well as the reply of each defendant.  See Docket Nos. 22, 23.  After carefully reviewing the pleadings, the Court will dismiss this action.

Federal district courts have subject matter jurisdiction over civil actions where the matter in controversy is greater than $75,000 and the action is between parties of diverse citizenship.  28 U.S.C. § 1332(a).  "Once the damages allegation is challenged . . . 'the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts

indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001).

Applying this standard, it appears that plaintiff lacks a reasonable, good faith basis to believe that her recovery could exceed $75,000. As noted by defendants, plaintiff alleges $1,653 in compensatory damages and requests $200,000 in punitive damages. While punitive damages may be considered in determining the amount in controversy, the "District Court should scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact." D'Amato v. Rhode Island Hosp. Trust Nat'l Bank, 958 F.2d 361, 1992 WL 55890 (1st Cir. Mar. 25, 1992) (not selected for publication) (quoting Kahal v. J.W. Wilson & Assocs., Inc., 673 F.2d 547, 549 (D.C. Cir. 1982)). Where plaintiff alleges less than $2,000 in actual damages, punitive damages of $200,000 does not have a colorable basis in law and fact. Further, plaintiff's opposition does not address the jurisdictional issues and does not provide a basis for permitting this action to proceed against the defendants.

## ORDER

For the reasons stated above, and for the reasons stated in defendants' motions to dismiss and replies to plaintiff's opposition, IT IS HEREBY ORDERED THAT plaintiff's complaint is DISMISSED. The Clerk shall enter a final order of dismissal.

SO ORDERED.

| 9/29/11 | /s/ Patti B. Saris |
|---|---|
| DATE | PATTI B. SARIS |
| | UNITED STATES DISTRICT JUDGE |